UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TRACI HADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00568-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on October 29, 2017 his Recommended Decision. *Report and Recommended Decision* (ECF No. 16) (*Recommended Decision*). The Defendant, the Commissioner of the Social Security Administration, filed objections to the Recommended Decision on November 6, 2017. *Def.'s Obj. to the Magistrate Judge's Report and Recommended Decision* (ECF No. 18) (*Def.'s Obj.*). Traci Hadley filed her response to the Commissioner's objections on November 20, 2017. *Pl.'s Resp. to Def.'s Obj. to the Magistrate Judge's Report and Recommended Decision* (ECF No. 19). The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of

the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary. The Court offers the following additional discussion to supplement his analysis.

In conclusory fashion, the Commissioner asserts that "unfortunate wording" and "awkward language" used by the ALJ obscured the reality that she was tacitly giving Ms. Hadley the benefit of the doubt. *Def.'s Obj.* at 3-4. If the ALJ had given her the benefit of the doubt, that could be a basis upon which to conclude that the outcome was more favorable to Hadley than the evidence would otherwise support. *MacFarlane v. Astrue*, No. 07–132–P–H, 2008 WL 660225, at *4 (D. Me. Mar. 5, 2008). Like the Magistrate Judge, however, the Court does not read the ALJ's opinion as tacitly giving Hadley the benefit of the doubt. Hence, remand is not unwarranted and it is not an exercise in correction of trivial technicalities in the ALJ's opinion. *See Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998).

The Commissioner contends that the ALJ's failure to be clear about what weight—if any—she was attributing to opinions of Drs. Stahl and Houston "was not prejudicial to plaintiff, because the ALJ's mental RFC determination was more favorable to plaintiff's disability claim than the opinions of Drs. Stahl and Houston." *Def.'s Obj.* at 5. However, the ambiguity about if and how the ALJ relied on the opinions in forming her RFC frustrates any attempt to assess whether the RFC is indeed more favorable to Ms. Hadley

than the evidence would otherwise suggest. The Court agrees with the Magistrate Judge's conclusion that "the ALJ erred in assessing the plaintiff's mental RFC based on the raw medical evidence, and her discussion does not make clear that the error was harmless." *Recommended Decision* at 1-2.

For the first time, in objecting to the Recommended Decision, the Commissioner fashions a new variant of the harmless error argument premised upon *Shinseki v. Sanders*, 556 U.S. 396 (2009). *Def.'s Obj.* at 5-8. It is unavailing on its merits, and in any event, the Commissioner's attempt to introduce a new issue at this stage violates a long-standing rule in this Circuit that requires a litigant to "take before the magistrate, not only their best shot, but all of their shots." *Bordon v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 2002) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 16) is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Commissioner's decision be and hereby is <u>AFFIRMED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2018